### GREENE v. HULSE et al.

Circuit Court of Appeals, Second Circuit.
May 20, 1929.

James D. Harris, of Rochester, N. Y., for the motion.

George A. Carnahan, of Rochester, N. Y., opposed.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM. ■ The appellant did not choose to avail himself of the method laid down by equity rule 75. He never filed a præcipe at all, which should state those parts of the "record to be incorporated," and which should be accompanied by proof of service upon the appellee. This is quite different from "the evidence to be included in the record," a statement of which must be filed at or before the filing of the præcipe, of which the appellee should be notified. Instead of this he attempted to get an agreement with the appellee, and upon failing to do so filed the statement of evidence, with an indorsement that it was his "præcipe" of the evidence. This was not a præcipe at all; moreover, it was never served on the appellee. Nothing was accomplished by it.

The parties thereafter kept on with their negotiations with increasing acerbity until they broke off communications in February, and the appellee procured an ex parte order dismissing the appeal, of which the appellant got notice on February 28th. Even then he did nothing until the appellee moved to secure a repetition of the dismissal, this time on notice. Then the appellant moved for leave to lodge and file the statement and a præcipe.

■ There will, of course, often be occasions when an appellant, who has failed to proceed under the rules, can be excused. Among these will be the fact that the appellee has led him to expect that no advantage will be taken of his defaults. We cannot see that this is the case here. On the contrary, it is not shown that the appellee did not in good faith try to co-operate in settling the statement; any inference to be drawn is rather that the appellant did not wish to expedite the appeal. This is especially apparent from the delay of over two months after notice of the ex parte order of dismissal. Had the appellant sought relief seasonably, the cause would have been argued at this term; as it is, it would have to go over to the autumn, and the settlement which the bill challenges must be held up meanwhile. The case was

one for dispatch, and we can see no excuse for the appellant's delays.

Motion to vacate denied.